UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20186-CR-KMW

UNITED STATES OF AMERICA

v.

MARIA TERESA GONIMA OLLAGA,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **MARIA TERESA GONIMA OLLAGA** (hereinafter referred to as the "defendant") enter into the following agreement:

1. *Pleading Guilty to Count 2 of the Indictment.* The defendant agrees to plead guilty to **Count 2** of the Indictment, a violation of Title 18, United States Code, Section 1956(h), that is, operating a money laundering conspiracy to further a prostitution enterprise.

2. *Sentencing Guidelines.* The defendant is aware that the sentence will be imposed by the Court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter, the "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the United States Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware

and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw her plea solely as a result of the sentence imposed.

3. *Penalties.*  The defendant understands and acknowledges that, pursuant to Title 18, United States Code, Section 1956(a)(1)(A)(i), the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years for Count 2.  In addition, pursuant to Title 18, United States Code, Section 3583(a)(b)(2), the Court may impose a term of up to three (3) years of supervised release for Count 2, following a term of imprisonment; pursuant to Title 18, United States Code, Section 1956(a)(1), a fine of up to five hundred thousand dollars ($500,000); and an order of restitution.  There is **no mandatory minimum** term of imprisonment for Count 2.

4. *Special Assessment Fee.*  The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count to which she is pleading guilty.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.  *Early Acceptance of Responsibility.*  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

7.  *Recommendation(s) by the Parties.* The United States agrees to recommend a sentence within the defendant's sentencing guideline range. Nothing in this agreement bars the Defendant from seeking a downward variance or departure from the sentencing guideline range. Further, the parties agree that, under Section 2G1.1(b) of the Sentencing Guidelines Manual, there is a specific offense characteristic enhancement if the offense involved fraud or coercion. The United States agrees that it will not seek that enhancement with respect to this defendant.

8.  *Recommendations Are Not Binding on the Court.*  The defendant further understands and acknowledges that any recommendation that the United States or the defendant makes to the Court as to sentencing is **not binding** on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. *Sentence will be determined by <u>the Court</u>.*   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.  The defendant further understands and acknowledges that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. *Departure or Variance from the Sentencing Guidelines.*   The defendant is aware and understands that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may ***not*** withdraw the guilty plea solely as a result of the sentence imposed.

11. *Cooperation.* The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

12. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court *at the time of sentencing*. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

13. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

14. *Forfeiture.* The defendant also agrees to forfeit to the United States, voluntarily and immediately, all of her rights, title and interest to all assets, and/or their substitutes, which are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, as outlined in pages 11 and 12 of the Indictment.

15. *Entire Agreement.* This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 07/24/2019  By: _____
VANESSA SINGH JOHANNES
ASSISTANT UNITED STATES ATTORNEY

Date: 7/24/19  By: _____
PAUL PETRUZZI
ATTORNEY FOR DEFENDANT

Date: 7/24/2019  By: _____
MARIA TERESA GONIMA OLLAGA
DEFENDANT